IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Action Nos. RDB-11-202; RDB-03-33 |
| GREGORY MCNEILL, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Defendant Gregory McNeill[1] ("McNeill" or "Defendant") is currently serving a 262--month sentence for three armed bank robberies he committed in Baltimore County, Maryland in 2011. Now pending[2] before this Court are several *pro se* motions filed by McNeill, including a Motion for Compassionate Release filed on October 4, 2022 (RDB-03-33, ECF No. 107; RDB-11-202, ECF No. 48); a Motion to Suspend Restitution filed on April 28, 2023 (RDB-03-33, ECF No. 110); a Motion for Compassionate Release filed November 22, 2023 (RDB-03-33, ECF No. 112; RDB-11-202, ECF No. 52); and a Motion to Alter or Suspend Sentence filed December 13, 2023 (RDB-03-33, ECF No. 114; RDB-11-202, ECF No. 53). Through his *pro se* motions, McNeill argues that intervening changes in sentencing law and his

---

[1] This Court notes that the McNeil's last name is inconsistently spelled throughout the cases, appearing sometimes as "McNeil" (*see* RDB-11-202) and other times as "McNeill" (*see* RDB-03-033). The Court uses the latter spelling in conformity with the Defendant's signature on his various *pro se* filings.

[2] Also pending on this Court's docket is a Motion to Seal (RDB-11-202, ECF No. 45) filed by the Office of the Public Defender on January 9, 2021, and *pro se* Motion to Amend (RDB-11-202, ECF No.55) filed subsequent to Petitioner's Motion for Compassionate Release on February 5, 2024. Upon review and consideration of the Court, the Motion to Seal (RDB-11-202, ECF No. 45) shall be GRANTED and the Motion to Amend (RDB-11-202, ECF No.55) shall be DENIED AS MOOT. The docket incorrectly shows a Motion to Vacate (ECF No. 32) as pending. However, that Motion was withdrawn on February 23, 2018 (ECF No. 33), as approved by this Court's Order. (ECF No. 34). In the Order that follows, the Court instructs the Clerk of Court to update the docket to show that ECF No. 32 was WITHDRAWN.

current age justify a sentence reduction. He further argues that his restitution should be suspended because he is unable to get a job in the prison and cannot afford the payments. The Government has not filed a response to any of the pending motions, nor is a response necessary. Local Rule 105.6 (D. Md. 2023). For the reasons stated herein, McNeill's Motions for Compassionate Release filed on October 4, 2022 (RDB-03-33, ECF No. 107; RDB-11-202, ECF No. 48) and on November 22, 2023  (RDB-03-33, ECF No. 112; RDB-11-202, ECF No. 52) are DENIED based on McNeill's failure to demonstrate an extraordinary and compelling circumstance that warrants compassionate release.  McNeill's Motion to Suspend Restitution filed on April 28, 2023 (RDB-03-33, ECF No. 110) and his Motion to Alter or Suspend Sentence filed December 13, 2023 (RDB-03-33, ECF No. 114; RDB-11-202, ECF No. 53) are DENIED based on McNeill's failure to demonstrate that there has been a material change to his financial circumstances that justify a restitution suspension.

## BACKGROUND

On March 11, 2008, McNeill was sentenced by Judge Andre M. Davis[3] of this Court to 140 months' imprisonment and three years supervised release for bank robberies committed in 2002. (RDB-03-033, ECF No. 58.) On November 23, 2009, on remand from the U.S. Court of Appeals for the Fourth Circuit, Judge J. Frederick Motz of this Court resentenced McNeill to time served of 81 months' imprisonment and three years supervised release. (RDB-11-202, ECF No. 43-4 *SEALED*.) A little more than a year following his release, McNeill committed three armed bank robberies. (*See* Plea Agreement, RDB-11-202, ECF No. 20.) All three

---

[3] On September 24, 2009, following Judge Davis's retirement, the case was reassigned to Judge J. Frederick Motz.  (*See* RDB-03-33.)

involved McNeill entering a bank, pointing a silver revolver at the teller, and demanding money. (*Id.*) This first case was reassigned to the undersigned Judge for the Defendant's violation of supervised release. On March 1, 2012, this Court sentenced McNeill to a total term of imprisonment of 262 months with credit for time served in federal custody since August 16, 2022. (RDB-11-202, ECF No. 28.) This Court ordered the such sentence was to be served concurrent with the term of imprisonment of 24 months imposed in *United States v. McNeill*, No. RDB-03-033 for violation of supervised release. (RDB-03-033, ECF No. 82.) This Court also ordered restitution of $12,122 to be paid immediately. (RDB-11-202, ECF No. 28.)

On July 14, 2020, McNeill filed a *pro se* Motion for Compassionate Release (RDB-03-033, ECF No. 92), arguing that, due to his age and health conditions, he faced a substantial risk if he were to contact COVID-19 which justified his immediate release. This Court denied that motion on the basis that McNeill's crimes warranted the sentence that was imposed and most of McNeill's health conditions did not place him at a risk of severe illness if he were to contract COVID-19.

McNeill subsequently filed two more Motions for Compassionate Release, one on October 4, 2022 (RDB-03-33, ECF No. 107; RDB-11-202, ECF No. 48) and a second on November 22, 2023 (RDB-03-33, ECF No. 112; RDB-11-202, ECF No. 52). He also filed two Motions to Suspend Restitution, one on April 28, 2023 (RDB-03-33, ECF No. 110) and another on December 13, 2023 (RDB-03-33, ECF No. 114; RDB-11-202, ECF No. 53).

## ANALYSIS

As McNeill filed his motion *pro se*, his arguments are afforded a liberal construction. *See*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that pro se filings are "held to less stringent standards than formal pleadings drafted by lawyers" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1975))); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### I. Motions for Compassionate Release

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i). McNeill's motions for compassionate release (RDB-11-202, ECF Nos. 48, 52; RDB-03-33, ECF Nos. 107, 112) shall be DENIED.

### A. Administrative Exhaustion Requirements

McNeill has exhausted his administrative requirements. The First Step Act permits a defendant to seek a sentence reduction after they have "fully exhausted all administrative rights

to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such as request by the warden of the defendant's facility, whichever is earlier." Defendant filed an attachment to his motion for compassionate release showing that he has submitted an inmate sentence reduction application to his warden on July 20, 2023. McNeill later filed the motion on October 4, 2023, which is greater than 30 days.

### B. Extraordinary and Compelling Circumstances

Nevertheless, McNeill fails to raise extraordinary and compelling circumstances to justify compassionate release. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). The Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Similarly, a defendant who is "(i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less," faces extraordinary and compelling circumstances that may justify release. U.S.S.G. § 1B1.13 cmt. n.1(B). Finally, the Commission has authorized the Bureau of Prisons to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission. U.S.S.G. § 1B1.13 cmt. n.1(D).

Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis. *United States v. McCoy*, 981

F.3d 271, 281 (4th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not an "applicable policy statement" for compassionate release motions filed by a defendant in the wake of the First Step Act). As Judge Blake of this Court has recognized, the First Step Act embodies Congress's intent to reduce the Bureau of Prisons' authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, No. CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020); *accord McCoy*, 981 F.3d at 281 (holding that "the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling'").

Intervening changes in sentencing law may constitute extraordinary and compelling reasons that justify a motion for sentence reduction. *United States v. Concepcion*, 142 S. Ct. 2389, 2404 (2022); *accord United States v. Smith*, 379 F. Supp. 3d 543, 546 (W.D. Va. 2019) ("Congress, when drafting the First Step Act in 2018, surely did not intend for courts to disregard the years of Supreme Court federal sentencing jurisprudence."); *McCoy*, 981 F.3d at 285 ("[T]he severity of a . . . sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief."); *see also United States v. Day*, 474 F. Supp. 3d 790, 805 (E.D. Va. 2020); *United States v. Parker*, 461 F. Supp. 3d 966, 979–81 (C.D. Cal. 2020). As Chief Judge Bredar observed in *United States v. Elzey*, "a change in career offender status, and a consequent change in the appropriate Guidelines sentencing range, can qualify as an extraordinary and compelling reason warranting compassionate release." No. JKB-09-0288, 2022 WL 316717, at *3 (D. Md. Feb. 2, 2022); *see also United States v. Decator*, 452 F. Supp. 3d 320, 324 (D. Md. 2020); *United*

6

*States v. Redd*, 444 F. Supp. 3d 717, 722–23 (E.D. Va. 2020).

At bottom, McNeill has not demonstrated extraordinary and compelling circumstances justifying a sentence reduction. There have been no intervening changes in sentencing law that justify McNeill's compassionate release. The sentencing range stipulated in the plea agreement, and accepted by this Court, reflects the seriousness of McNeill's crimes including the fact that this was more than one instance of armed robbery. McNeill was charged for three armed robberies in the span of one month, which he committed while he was on supervised release for previous convictions of armed robbery. If sentenced today, McNeill would almost certainly be subject to the same sentence. Furthermore, he has not demonstrated that he has a particularized susceptibility to COVID-19 that justifies his compassionate release. As such, this Court finds that compassionate release is also unavailable on these grounds.

McNeill attempts to collaterally attack his conviction and sentence by arguing that bank robbery can never be considered a crime of violence no matter if he was armed. The Fourth Circuit has held that a defendant cannot use a compassionate release motion to challenge the validity of their sentence or conviction. Thus, a motion for compassionate release is not the appropriate venue for this argument. 28 U.S.C. § 2255 remains the "exclusive method" for challenging such convictions, and a defendant may not attempt to "sidestep § 2255's requirements" through a motion for compassionate release. See *United States v. Ferguson*, 55 F.4th 262, 272 (4th Cir. 2022) (holding that "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence"). Therefore, a motion for compassionate release is not the appropriate venue for McNeill to make this particular argument.

**C.     18 U.S.C. § 3553(a) Factors**

In *McCoy*, the Fourth Circuit made clear that "not all defendants convicted under § 924(c) should receive new sentences," and that "courts should be empowered to relieve some defendants of those sentences on a case by case basis." 981 F.3d at 286–87. Accordingly, a court must conduct an "individualized assessment" under § 3553(a) to determine a defendant's eligibility for a reduction. *McCoy*, 981 F.3d at 286. These factors require this Court to consider: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline range; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a); *Bryant*, 2020 WL 2085471 at *4.

As discussed previously, McNeill's crimes are very serious in nature. He committed a series of three bank robberies at gunpoint within one month of each other, while also on supervised release for a previous series of bank robberies. McNeill's sentence is also reflective of his grave criminal history. He has previous convictions for burglary, manslaughter, a handgun violation, robbery with a deadly weapon, and numerous convictions for escape or attempted escape. Although McNeill is 73 years old, he committed these three bank robberies when he was 60 years old, and he has offered no evidence that he would not reoffend yet again if he was let out early. In short, the 18 U.S.C. § 3553(a) factors do not support McNeill's early release.

## II.  Motions to Suspend Restitution

Turning to McNeill's requests to suspend restitution (RDB-11-202, ECF No. 53; RDB-03-33, ECF Nos. 110, 114), modification of a restitution order is governed by 18 U.S.C. § 3664(k), which provides, in pertinent part:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. . . . Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k). By its terms, the statute allows a district court to modify a restitution order only if the defendant has a "material change in . . . economic circumstances[.]" *Id.* Thus, the viability of McNeill's request hinges on his ability to prove that his circumstances have changed enough to warrant a modification to his restitution.

McNeill has failed to demonstrate that there is a material change in his economic circumstances. The Fourth Circuit has applied the Second Circuit's standard from *U.S. v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000), which held that "a finding of a material change in economic circumstances under § 3664(k) requires 'an objective comparison of a defendant's financial condition before and after a sentence is imposed.'" *U.S. v. Bratton-Bey*, 564 F. App'x. 28, 30 (4th Cir. 2014) (citing *Grant 2*, 235 F.3d at 100). There has been no change in McNeill's financial condition between when the sentence was imposed and now. McNeill's argument that his inability to get a job in prison being a material change is unavailing. McNeill himself argues that he initially wanted an order for immediate restitution payments, as he thought this would help him get a job faster within the prison. Since he now claims he is unable to get a job and cannot afford restitution, he attempts to suspend his restitution order. This is not a

9

material change, and McNeill has failed to prove that his circumstances have changed enough to warrant a modification to his restitution. Thus, McNeill's motions to suspend restitution (RDB-03-33, ECF Nos. 110, 114; RDB-11-202, ECF No. 53) shall be DENIED.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** this 3rd day of April, 2024, that:

1. The Clerk of Court shall update the docket to reflect that the Motion to Vacate (RDB-11-202, ECF No. 32) was **WITHDRAWN**;

2. The Office of the Public Defender's Motion to Seal (RDB-11-202, ECF No. 45) is **GRANTED**;

3. Defendant Gregory McNeill's *pro se* Motion for Compassionate Release filed October 4, 2023 (RDB-11-202, ECF No. 48; RDB-03-33, ECF No. 107) is **DENIED**;

4. McNeill's *pro se* Motion to Suspend Restitution (RDB-03-33, ECF No. 110) is **DENIED**;

5. McNeill's *pro se* Motion for Compassionate Release filed November 22, 2023 (RDB-11-202, ECF No. 52; RDB-03-33, ECF No. 112) is **DENIED**;

6. McNeill's *pro se* Motion to Alter or Suspend Sentence (RDB-11-202, ECF No. 53; RDB-03-33, ECF No. 114) is **DENIED**;

7. McNeill's Motion to Amend (RDB-11-202, ECF No. 55) is **DENIED AS MOOT**; and

8. The Clerk of Court shall transmit copies of this Memorandum Opinion to counsel of record and the *pro se* Defendant Gregory McNeill.

/s/
Richard D. Bennett
United States Senior District Judge